| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>William G. Wright<br>Alan P. Fox<br>CAPEHART & SCATCHARD, P.A.<br>8000 Midlantic Drive, Suite 300 S<br>Mt. Laurel, New Jersey 08054<br>(856) 234-6800<br>Attorneys for Defendant | |
| In Re:<br><br>Brian W. Mead,<br><br>              Debtor | Chapter 7<br><br>Case No.: 21-17470-KCF<br><br>Judge: Michael B. Kaplan, U.S.B.J. |
| Bunce D. Atkinson, Trustee for Debtor Estate of Brian Mead.<br>              Plaintiff,<br><br>    vs.<br><br>Inspira Medical Center, Inc.<br><br>              Defendant. | Adversary No.: 24-01547-MBK |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
TO ADVERSARY COMPLAINT BY TRUSTEE**

Defendant Inspira Medical Centers, Inc. ("**Defendant**" or "**Inspira**"), by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses to the Adversary Complaint filed by the Chapter 7 Trustee and in support thereof, states:

**INTRODUCTION**

Defendant admits the allegation of the Introduction that before the date the Debtor filed for bankruptcy protection, Inspira held a secure claim against the Debtor's real property, commonly known as 6 East 17th Street, Beach Haven, New Jessey (the "Beach Haven Property") resulting from a levy of the Inspira Judgment lien against the Beach Haven Property. Defendant denies the allegation of the Introduction that Inspira's pre-petition judgment lien was unperfected at the time the bankruptcy case was filed and denies the allegations that such lien is

void or junior in priority to the Trustee's interest under 11 U.S.C. § 544 et. seq. Any remaining allegations of the Introduction are denied, and Defendant leaves the Plaintiff to his proofs.

## JURISDICTION

1. Defendant admits the allegations set forth in paragraph 1.

2. Defendant admits the allegations set forth in paragraph 2.

3. Defendant admits the allegations set forth in paragraph 3.

## PARTIES

4. Defendant admits the allegations set forth in paragraph 4.

5. Defendant admits that it is a New Jersey non-profit corporation, with its chief executive office located at 333 Irving Avenue, Bridgeton, New Jersey 08302, and is a creditor of Mead within the meaning of 11 USC 101(10), for the reason that it holds a claim against Mead that arose before the Petition Date, within the meaning of 11 USC §101(5)(a) and 101(10)(A).

## FACTUAL BACKGROUND

6. Defendant admits the allegations set forth in paragraph 6, except that the judgment was entered by Order on April 16, 2021.

7. Defendant admits the allegations set forth in paragraph 7.

8. Defendant admits that on June 17, 2021, it applied for a Writ of Execution against the Debtor directed to the Sheriff of Burlington County and states that the Writ speaks for itself.

9. Defendant admits that on July 2, 2021, it applied for an Alia Writ of Execution against the Debtor directed to the Sheriff of Ocean County and states that the Writ speaks for itself.

10. Defendant admits the allegations set forth in paragraph 10.

11. Defendant admits the allegations set forth in paragraph 11

12. In response to paragraph 12, Defendant admits that on August 5, 2021, the Sheriff of Burlington County levied on Debtor's Chase Bank account and attempted levies at PNC Bank,

Wells Fargo Bank, TD Bank, and Truist Bank and that on August 16, 2021, the Sheriff of Burlington County served an Amended Bank Levy Report indicating that Chase Bank was holding the sum of $5,498.19.

13. Defendant admits the allegations set forth in paragraph 13.

14. Defendant admits the allegations set forth in paragraph 14.

15. Defendant admits that Debtor Filed a Chapter 11 bankruptcy petition on September 23, 2021. Defendant avers that it has been stayed under 11 U.S.C. § 362 from pursuing any collection efforts as to Debtor or his property since the filing of the petition. The remainder of paragraph 15 contains a legal conclusion or argument to which no response is required.

16. Defendant admits the allegations set forth in paragraph 16.

17. Defendant admits that the correspondence was dated October 28, 2021, and was filed with the Court on October 29, 2021.

18. Defendant admits the allegations set forth in paragraph 18.

19. Defendant admits that on November 5, 2012, Judge Chell entered an Order for Turnover of Funds for $5,265.05.

20. Defendant admits the allegations of paragraph 20. Defendant avers that it has been stayed under 11 U.S.C. § 362 from pursuing any collection efforts as to Debtor or his property since the filing of the petition.

21. Defendant admits the allegations set forth in paragraph 21.

22. Defendant admits the allegations set forth in paragraph 22.

23. Defendant admits the allegations set forth in paragraph 23.

24. Defendant admits that on February 28, 2022, it filed a limited objection to the proposed sale of the Beach Haven Property and states that the objection speaks for itself and denies every allegation inconsistent with the terms of the objection.

25. Defendant admits the allegations set forth in paragraph 25.

26. Defendant admits that on April 21, 2022, it filed a limited objection to the proposed sale of the Beach Haven Property. It states that the objection speaks for itself and denies each and every allegation that is inconsistent with its terms.

27. Defendant admits that on May 11, 2022, the Bankruptcy Court entered an order approving the sale of the Beach Haven Property "as is, " Where is," with no warranties express or implied and free and clear of all liens, claims, and encumbrances, with liens, claims, and encumbrances to attach to proceeds, authorizing the trustee to execute all closing documents and to make distributions and states that the order speaks for itself.

28. Defendant admits that on August 25, 2022, it and Debtor entered into a Consent Order Approving a Stipulation of Settlement of the Adversary Action and states that the Order and Stipulation speak for themselves and denies every allegation that is inconsistent with the terms of the Order and Stipulation.

29. Defendant admits the allegations set forth in paragraph 29.

## CAUSE OF ACTION
### COUNT ONE
(*Establishing Extent, Validity, and Priority of Claim and Lien pursuant to U.S.C. 5. § 506 and F.R.B.P. 7001(2) and (9) )*)

30. Defendant realleges and incorporates by reference the answers to the allegations stated above as if fully rewritten herein.

31. Defendant admits that on April 16, 2021, Inspira obtained a default judgment against Debtor for $703,125.00 plus interest and costs.

32. Paragraph 32 contains a legal conclusion or argument to which no response is required.

33. Paragraph 33 contains a legal conclusion or argument to which no response is required.

34. Defendant admits that the Clerk of the Superior Court of New Jersey issued a Writ to the Sheriff of Burlington County on July 7, 2021, and issued a Writ to the Sheriff of Ocean County on July 20, 2021. The terms of both Writs speak for themselves; no response is necessary, and Plaintiff is left to his proofs. Any remaining factual allegations of paragraph 34 are denied.

35. Paragraph 35 contains a legal conclusion or argument to which no response is required.

36. Paragraph 36 contains a legal conclusion or argument to which no response is required.

37. Defendant admits the allegations set forth in paragraph 37.

38. Defendant admits that the Debtor filed a Chapter 11 bankruptcy petition on September 23, 2021, which was converted to a Chapter 7 bankruptcy on November 2, 2021. The remainder of Paragraph 35 contains a legal conclusion or argument to which no response is required.

39. Paragraph 39 contains a legal conclusion or argument to which no response is required.

40. Defendant admits that it did not file a motion for a levy on real property. The remainder of Paragraph 40 contains a legal conclusion or argument to which no response is required.

41. Defendant admits that it did not file a motion for turnover of the Debtor's New Jersey property. The remainder of Paragraph 41 contains a legal conclusion or argument to which no response is required.

42. Defendant has insufficient information to admit or deny the allegation that the Debtor owned personal property located within the Beach Haven Property before the date of the levy on the Beach Haven Property by Inspira, and therefore neither admits nor denies the same and leaves the Plaintiff to his proofs. Defendant admits that Defendant did not serve discovery interrogatories upon Debtor or take the deposition of Debtor before the date of the levy on the

Beach Haven Property by Inspira. Defendant avers that it served an Information Subpoena upon Debtor before the levy on the Beach Haven Property by Inspira: to wit, on June 18, 2021. The remainder of Paragraph 42 contains a legal conclusion or argument to which no response is required.

43. Paragraph 43 contains a legal conclusion or argument to which no response is required.

44. Paragraph 44 contains a legal conclusion or argument to which no response is required.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendant complied with the requirements under N.J.S.A. 2A:17-1 before causing the levy of the judgment lien against the Beach Haven Property. It made a good faith attempt to ascertain the location of the Debtor's personal property within the county before causing a levy of the judgment lien against the Beach Haven Property.

3. The claims asserted by the Trustee in the Adversary Complaint are barred under the Doctrine of Wavier.

4. The claims asserted by the Trustee in the Adversary Complaint are barred under the Doctrine of Estoppel and Equitable Estoppel.

5. The claims asserted by the Trustee in the Adversary Complaint are barred under the Doctrine of Unclean Hands.

6. Defendant reserves the right to assert additional affirmative pending further investigation and discovery.

WHEREFORE, Defendant demands judgment against Trustee as follows:

a) Determining that Defendant had a valid lien against Debtor's Beach Haven property of $713,545.02 plus interest at the judgment rate from September 23, 2021, which lien was perfected and is prior to the interest of Trustee and which lien attached to the proceeds from the sale of the Beach Haven property to the same extent and priority;

b) Awarding costs of suit; and

c) Granting such other and further relief as the Court deems just and equitable.

Dated: September 27, 2024        */s/ William G. Wright*

_____
William G. Wright, Esquire
Alan P. Fox, Esquire
CAPEHART & SCATCHARD, P.A.
8000 Midlantic Drive, Suite 300 S
Mt. Laurel, New Jersey 08054
(856) 234-6800

*Attorneys for Defendant*