UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on September 24, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BRIAN W. MEAD,

       Debtor.

BUNCE D. ATKINSON, TRUSTEE FOR DEBTOR ESTATE OF BRIAN W. MEAD,

       Plaintiff,

v.

INSPIRA MEDICAL CENTER, INC.,

       Defendant.

Case No. 21-17470 (MEH)

Chapter 7

Adv. No. 24-01547 (MEH)

Hearing Date: June 16, 2025

**ORDER GRANTING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING INSPIRA'S CROSS-MOTION FOR SUMMARY JUDGMENT**

The relief set forth on the following pages numbered two (2) through sixteen (16) is hereby **ORDERED**.

**DATED: September 24, 2025**

Honorable Mark E. Hall
United States Bankruptcy Judge

*Atkinson v. Inspira Medical Center, Inc.*
Adv. No. 24-01547 (MEH)
Page **2** of **16**

**THIS MATTER** having come before the Court on a Motion for Summary Judgment filed by plaintiff Bunce D. Atkinson, in his role as Chapter 7 Trustee (the "**Trustee**") for the estate of debtor Brian W. Mead (Doc. No. 10), and a Cross-Motion for Summary Judgment filed by defendant Inspira Medical Center, Inc. ("**Inspira**") (Doc. No. 15), and opposition and reply having been filed thereto (Doc. Nos. 15, 16, and 17); and the Court having conducted a hearing on June 16, 2025, at which time the parties appeared and made argument; and for the reasons set forth in the attached Memorandum Decision, and for good cause shown, it is hereby:

**ORDERED** that the Trustee's Motion for Summary Judgment is **GRANTED** and Inspira's Cross-Motion for Summary Judgment is **DENIED**; and it is further

**ORDERED** that Inspira does not have a perfected security interest in any of the Debtor's property, including but not limited to the real property located at 6 East 17th Street, Beach Haven, New Jersey; and it is further

**ORDERED** that the Trustee is hereby authorized to avoid Inspira's Claim No. 11 pursuant to 11 U.S.C. § 544(b)(1).

*Atkinson v. Inspira Medical Center, Inc.*
Adv. No. 24-01547 (MEH)
Page **3** of **16**

# MEMORANDUM DECISION

In this adversary proceeding, plaintiff Bunce D. Atkinson, in his role as Chapter 7 Trustee (the "**Trustee**") for the estate of debtor Brian W. Mead (the "**Debtor**"), challenges the extent, validity, and priority, of defendant Inspira Medical Center, Inc.'s ("**Inspira**") $713,545.02 claim and judgment lien against the Debtor's real property located at 6 East 17th Street, Beach Haven, New Jersey (the "**Beach Haven Property**"). (*See* Adv. Compl., Doc. No. 1).

Presently before the Court is the Trustee's Motion for Summary Judgment (the "**Trustee's Motion**") against Inspira pursuant to Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056. (*See* Trustee's Mot., Doc. No. 10). The Trustee seeks a determination that Inspira lacks a security interest in the Beach Haven Property, or in any of the property of the Debtor's bankruptcy estate. (*See* Trustee's Summ. J. Br., Doc. No. 10-3). According to the Trustee, Inspira failed to satisfy and comply with the requirements of N.J.S.A. 2A:17-1 governing the process for executing a judgment and levying against the Debtor's real property, resulting in Inspira holding only an unperfected pre-petition judgment lien as an unsecured creditor. (*See id.* at 7). The Trustee contends that as the judgment lien is not perfected, he may avoid the lien pursuant to the Trustee's "strong-arm" powers under 11 U.S.C. § 544(a). (*See id.* at 8-9; Trustee's Opp'n Br. at 5, Doc. No. 16).

Inspira filed a Cross-Motion for Summary Judgment ("**Inspira's Cross-Motion**") in opposition seeking a denial of the Trustee's Motion as well as a determination that it complied with applicable New Jersey law to perfect its judgment lien against the Debtor's real property. (*See* Inspira's Cross-Mot., Doc. No. 15). According to Inspira, it holds a valid secured lien attached

to the proceeds from the sale of the Beach Haven Property. (*See* Inspira's Summ. J. Br., Doc. No. 15-2).

The Trustee filed an opposition to Inspira's Cross-Motion in conjunction with a reply in further support of his own Motion for Summary Judgment (the "**Trustee's Opposition**"). (*See* Trustee's Opp'n Br., Doc. No. 16). Inspira filed a reply in further support of its Cross-Motion ("**Inspira's Reply**"). (*See* Inspira's Reply, Doc. No. 17).

The Court heard oral argument on June 16, 2025, and reserved its decision. The following constitutes this Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

I.    BACKGROUND

The parties agree, and the record establishes, that there are no genuine issues of material fact in dispute.[1] (*See* Inspira's Summ. J. Br. at 2, Doc. No. 15-2; Trustee's Opp'n Br. at 3-5, Doc. No. 16).

  A.    **Inspira Obtains a Judgment Lien Against the Debtor in the Superior Court of New Jersey**

On April 16, 2021, the Superior Court of New Jersey, Law Division, (the "**Superior Court**") entered a civil default judgment (the "**Judgment**") in favor of Inspira and against the Debtor in the amount of $703,125.00, plus interest and costs of suit. (*See* Trustee's St. ¶ 1; Inspira's Resp. ¶ 1). On May 19, 2021, the Clerk of the Superior Court docketed the Judgment as a statewide lien on the Debtor's property (the "**Judgment Lien**"). (*See* Inspira's St. ¶ 2; Trustee's Resp. ¶ 2).

---

[1] For purposes of brevity, the Court abbreviates the citations to the parties' respective statements of undisputed material facts and responses thereto as follows: the Trustee's statement of undisputed material facts (Doc. No. 10-5) ("**Trustee's St.**"); Inspira's statement of undisputed material facts (Doc. No. 15-5) ("**Inspira's St.**"); Inspira's response to the Trustee's statement of undisputed material facts (Doc. No. 15-6) ("**Inspira's Resp.**"); and the Trustee's response to Inspira's statement of undisputed material facts (Doc. No. 16-1) ("**Trustee's Resp.**").

On June 17, 2021, Inspira, seeking to enforce the Judgment Lien and collect payment, filed for a Writ of Execution against the Debtor that directed the Burlington County Sheriff to, in pertinent part:

> [S]atisfy the said Judgment out of the personal property of the said Judgment debtor within your County; and if sufficient personal property cannot be found then, subsequent to your levy and only after receipt of an order of the court pursuant to R. 4:59-1(d), out of the real property in your County belonging to the judgment debtor(s) at the time when the judgment was entered or docketed in the office of the Clerk of this Court or at any time thereafter, in whosesoever hands the same may be.

(the "**Burlington County Writ**"). (*See* Trustee's St. ¶ 2; Inspira's Resp. ¶ 2).

The following day, on June 18, 2021, Inspira sent the Debtor an information subpoena via first class and certified mail to the Beach Haven Property address. (*See* Inspira's St. ¶ 3; Trustee's Resp. ¶ 3). Inspira did not receive a response. (*See* Fox Cert. ¶ 14, Doc. No. 15-1).

On July 2, 2021, Inspira filed for an Alias Writ of Execution against the Debtor directed to the Ocean County Sheriff (the "**Ocean County Writ**"). (*See* Trustee's St. ¶ 3; Inspira's Resp. ¶ 3). The Ocean County Writ contained identical language as to the relief sought in the Burlington County Writ—namely, it directed the Sheriff to satisfy the Judgment out of the Judgment debtor's personal property, "and if sufficient personal property cannot be found then, subsequent to your levy and only after receipt of an order of the court pursuant to R. 4:59-1(d), out of the real property in your County belonging to the judgment debtor(s)." (*See* Ex. C to Schwimmer Cert., Doc. No.

10-8). The Clerk of the Superior Court issued the Burlington County Writ on July 7, 2021, and issued the Ocean County Writ on July 20, 2021. (*See* Trustee's St. ¶¶ 4-5; Inspira's Resp. ¶¶ 4-5).

On August 5, 2021, upon Inspira's instructions to levy on the Debtor's assets, the Burlington County Sheriff served the Burlington County Writ upon Chase Bank, PNC Bank, Wells Fargo Bank, TD Bank and Truist Bank. (*See* Inspira's St. ¶¶ 6-10; Trustee's Resp. ¶¶ 6-10). The Burlington County Sheriff filed an Amended Bank Levy Report on August 16, 2021, reflecting that Chase Bank was holding the sum of $5,498.19 (the "**Chase Bank Levy**"). (*See* Inspira's St. ¶ 6; Trustee's Resp. ¶ 6). The Burlington County Sheriff filed additional Amended Bank Levy Reports throughout August of 2021, December of 2021, and March of 2022 with respect to the banks other than Chase, none of which reported any accounts. (*See* Inspira's St. ¶¶ 7-10; Trustee's Resp. ¶¶ 7-10).

On August 11, 2021, the Debtor moved in the Superior Court to vacate the civil default Judgment entered against him and in favor of Inspira. (*See* Inspira's St. ¶ 12; Trustee's Resp. ¶ 12). In the Debtor's certification submitted in support of his motion to vacate, the Debtor asserted he does not live at the Beach Haven Property address. (*See* Inspira's St. ¶ 12; Trustee's Resp. ¶ 12).

On August 17, 2021, the Ocean County Sheriff served the Ocean County Writ and levied upon the Beach Haven Property. (*See* Trustee's St. ¶ 7; Inspira's Resp. ¶ 7). Two weeks later, on August 31, 2021, Inspira provided to the Debtor's counsel in the Superior Court action copies of the information subpoenas previously sent to the Debtor on June 18, 2021. (*See* Inspira's St. ¶ 4; Trustee's Resp. ¶ 4). Inspira, again, did not receive a response. (*See* Fox Cert. ¶ 15, Doc. No. 15-1).

On September 22, 2021, Inspira moved in the Superior Court for turnover of funds from the Chase Bank Levy, though Inspira would later withdraw the motion in light of the Debtor's bankruptcy filing. (*See* Trustee's St. ¶¶ 8-10; Inspira's Resp. ¶¶ 8-10). There is no record on the Superior Court civil docket of any motion to enforce a levy upon the Beach Haven Property. (*See* Trustee's St. ¶ 11; Inspira's Resp. ¶ 11).

### B. The Debtor Files for Bankruptcy

On September 23, 2021, the Debtor filed a petition for Chapter 11 bankruptcy. (*See* Doc. No. 1, Case No. 21-17470 ("**Bankr. Case**")). The Debtor's case was later converted to one under Chapter 7 on November 2, 2021. (*See* Doc. No. 38, Bankr. Case).

On January 26, 2022, the Trustee filed a notice of proposed sale of the Beach Haven Property, and later, on April 7, 2022, filed a motion to sell the Beach Haven Property free and clear of any liens or encumbrances. (*See* Doc. Nos. 96 and 127, Bankr. Case). Amid the Trustee's submissions, Inspira filed a proof of claim on February 16, 2022, asserting a secured claim against the Beach Haven Property in the amount of $713,545.02 based on its Judgment Lien and the Ocean County Sheriff's levy. (*See* Claim No. 11, Bankr. Case). Inspira also filed limited objections to both of the Trustee's submissions concerning the sale of the Beach Haven Property—raising no objection to the sale, itself, but asserting that its Judgment Lien should attach to the sale proceeds. (*See* Docs. No. 107 and 128, Bankr. Case). The Bankruptcy Court entered an Order on May 11, 2022, approving the sale of the Beach Haven Property "free and clear of all liens, . . . claims and encumbrances, with valid liens, claims and encumbrances to attach to the proceeds of sale." (*See* Order at ¶ 5, Doc. No. 138, Bankr. Case; *see also* Am. Order at ¶ 5, Doc. No. 153, Bankr. Case).

As proceedings in the Debtor's bankruptcy case were ongoing, Inspira concurrently initiated and pursued a non-dischargeability action against the Debtor. (*See generally Inspira v. Mead*, Adv. No. 22-01018). On August 25, 2022, Inspira and the Debtor entered into a consent order stipulating to a settlement that, among other things, the Debtor's prejudgment debt to Inspira was non-dischargeable, and the Debtor could pay Inspira a total of $340,000 by the end of 2023 to reduce the judgment debt by either selling the Beach Haven Property or paying Inspira directly. (*See* Trustee's St. ¶ 19; Inspira's Resp. ¶ 19). Consequently, the non-dischargeability action was closed on August 30, 2022. (*See* Trustee's St. ¶ 20; Inspira's Resp. ¶ 20). As of August of 2024, the Debtor had made no payments to Inspira under the settlement. (*See* Trustee's St. ¶ 21; Inspira's Resp. ¶ 21).

On August 27, 2024, the Trustee commenced this adversary proceeding against Inspira. After unsuccessful mediation, these cross-motions for summary judgment ensued.

## II.    LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex*, 477 U.S. at 323). A factual dispute is "genuine" if the evidence is such that a reasonable

factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.* In determining whether there is a genuine issue of material fact for trial, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Hugh v. Butler Cnty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

When, as here, the parties file cross-motions for summary judgment, the governing standard "does not change." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (citing *Appelmans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1987)). "The court must consider the motions independently, in accordance with the principles outlined above." *Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, 679 F. Supp. 3d 53, 72 (D.N.J. 2023); *see also Goldwell of N.J., Inc. v. KPSS, Inc.*, 622 F. Supp. 2d 168, 184 (D.N.J. 2009). "If after review of cross-motions for summary judgment the record reveals no genuine issues of material fact, then judgment will be entered in favor of the deserving party in light of the law and undisputed facts." *Diebold, Inc. v. Cont'l Cas. Co.*, 719 F. Supp. 2d 451, 461 (D.N.J. 2010), *aff'd*, 430 F. App'x 201 (3d Cir. 2011) (citing *Iberia Foods Corp. v. Romeo,* 150 F.3d 298, 302 (3d Cir. 1998)).

### III. DISCUSSION

#### A. The Trustee's Powers Under 11 U.S.C. § 544

Section 544(a) of the Bankruptcy Code, often referred to as the "strong-arm" clause, places a trustee in the shoes of a hypothetical judgment lien creditor who has levied upon the debtor's property, and who thereby may contest and avoid liens that are unperfected as of the date of the

commencement of the bankruptcy case. *See* 11 U.S.C. § 544(a)(1);[2] *In re Italiano*, 66 B.R. 468, 478 (Bankr. D.N.J. 1986); *see also In re Aluminum Shapes, L.L.C.*, No. 21-16520, 2022 WL 1316205, at *2 (Bankr. D.N.J. May 2, 2022). As a result, "[t]he [trustee's] status is senior to an actual judicial lien holder who has *not* levied, but junior to a valid lien holder who has *properly* levied on the property prior to the filing of the bankruptcy." *In re Hillesland*, No. 19-25278, 2020 WL 4809882, at *3 (Bankr. D.N.J. Aug. 17, 2020) (citing *Italiano*, 66 B.R. at 478) (emphasis added).

### B. The Requirements for a Judgment Creditor to Properly Levy Under N.J.S.A. 2A:17-1

Courts look to applicable state law in determining the nature and scope of property rights in a bankruptcy estate. *See In re Ferandos*, 402 F.3d 147, 152 n.2 (3d Cir. 2005) (citing *Butner v. United States*, 440 U.S. 48, 55-56 (1979)).

Under New Jersey law, the holder of a docketed judgment has an unperfected lien on all real property held by the judgment debtor in the state. *See New Brunswick Sav. Bank v. Markouski*, 123 N.J. 402, 412 (1991) (citing N.J.S.A. 2A:16-1 and N.J.S.A. 2A:17-17); *see also In re Simpkins*, No. 22-19095, 2024 WL 4820682, at *2 (Bankr. D.N.J. Nov. 18, 2024). A creditor perfects its lien by levying upon the debtor's real property prior to the filing of the bankruptcy petition. *See New*

---

[2] Section 544(a)(1) of the Bankruptcy Code provides, in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1).

*Century Fin. Servs., Inc. v. Staples*, 379 N.J. Super. 489, 497 (App. Div. 2005); *see also Matter of Blease*, 605 F.2d 97, 100 (3d Cir. 1979).

"New Jersey law sets forth procedures for executing and perfecting a judgment [lien]." *In re Catalano*, 643 B.R. 555, 562 (Bankr. D.N.J. 2022); *see also* N.J.S.A. 2A:17-1. First, after a money judgment is docketed pursuant to N.J.S.A. 2A: 16-1, "a creditor delivers a writ of execution to the sheriff." *Catalano*, 643 B.R. at 562 (Bankr. D.N.J. 2022) (quoting *Borromeo v. DiFlorio*, 409 N.J. Super. 124, 137 (App. Div. 2009)). Under N.J.S.A. 2A:17-1, a sheriff is required to first attempt to levy upon the personal property of a judgment debtor within the county before levying upon real estate. *See* N.J.S.A. § 2A:17-1; *see also Hillesland*, 2020 WL 4809882, at *3; *Raniere v. I & M Investments, Inc.*, 159 N.J. Super. 329, 335 (Ch. Div. 1978). The statutory language employed in N.J.S.A. 2A:17-1 "is compulsory, not directory," and "leaves no room for equivocation." *Raniere*, 159 N.J. Super. at 336-37; *accord Hillesland*, 2020 WL 4809882, at *3 ("Strict compliance with N.J.S.A. § 2A:17-1 is required.").

To satisfy N.J.S.A. 2A:17-1, "the judgment creditor must make a good faith attempt to ascertain the location of the debtor's personalty within the county and supply this information to the sheriff along with the writ of execution[,]" prior to levying against real property. *Borromeo*, 409 N.J. Super. at 137 (citing *Raniere*, 159 N.J. Super. at 337). "The proper focus is not whether there are assets in the county, or the amount of those assets," *In re Marvaldi*, 99 F. App'x 414, 416 (3d Cir. 2004), nor is the focus "whether all possible measures to locate personalty have been undertaken." *Borromeo*, 409 N.J. Super. at 137. Rather, the test is whether the judgment creditor "exerted 'reasonable efforts' in good faith to locate personal property." *Id.* (quoting *In re Mariano*, 339 B.R. 344, 350 (Bankr. D.N.J. 2006)).

Although there are no precisely defined elements for a finding that a judgment creditor has made such a good faith attempt, courts look to whether a judgment creditor has engaged in supplementary discovery proceedings, such as by way of deposition or information subpoena as allowed under New Jersey Court Rule ("**Rule**") 4:59-1(f), *Hillesland*, 2020 WL 4809882, at *4, or engaged in some "other legitimate investigative techniques" to ascertain the existence of any personal property. *Mariano*, 339 B.R. at 349-50, 353 (Bankr. D.N.J. 2006) (quoting *Spiegel, Inc. v. Taylor*, 148 N.J. Super. 79, 84 (Dist. Ct. 1977)).

For instance, in *Pojanowski v. Loscalzo*, the judgment creditor moved to compel a post-judgment deposition of the judgment debtor in attempt to ascertain the extent and location of her assets by "inquir[ing] about whether [the judgment debtor] had any checking account, stocks, bonds, property, income other than social security, any pensions, and whether she received money from any source." 127 N.J. 240, 242 (1992). Despite the judgment debtor "respond[ing] negatively or evasively to all of those inquiries," the New Jersey Supreme Court affirmed the Appellate Division, concluding there was "ample justification for the court's finding that [the judgment creditor] made a good faith effort to discover [the judgment debtor's] personal property." *Id.*

In *Mariano*, the court found that "written interrogatories directed to the debtor and her responses to the questions posed, supplemented by the investigative reports obtained by the judgment creditor about the debtor's assets, constituted the required good faith attempt . . . to locate personalty owned by the debtor prior to the levy on the debtor's real property." 339 B.R. at 350-51. Similarly, in *Borromeo*, the court found that written interrogatories, to which the debtor certified that "he owned no bank accounts, physical assets, accounts receivable or automobiles,"

coupled with the judgment creditor hiring an investigator to determine the debtor's personal assets and conduct a judgment search, constituted "sufficient and reasonable efforts" to locate the debtor's personal property prior to levying upon the debtor's real property. 409 N.J. Super. at 137-38.

Conversely, courts have found an absence of a good faith effort where a judgment creditor fails to participate in the discovery process—whether by choosing to forego a supplementary discovery proceeding altogether, or by failing to probe further to identify personal property, such as where the judgment debtor leaves questions about personal property blank in response to an information subpoena. *See Hillesland*, 2020 WL 4809882, at *4; *see, e.g.*, *Marvaldi*, 99 F. App'x at 416; *Raniere*, 159 N.J. Super. at 336-37.

### C. Inspira Failed to Properly Levy on the Debtor's Real Property and Perfect Its Pre-Petition Judgment Lien

Here, Inspira engaged in the discovery process by sending the Debtor an information subpoena on June 18, 2021, via first class and certified mail to the Beach Haven Property address. Inspira did not receive any response. This is the extent of the evidence demonstrating Inspira's efforts to ascertain the Debtor's personal property in Ocean County before the Sheriff served the Ocean County Writ and levied upon the Beach Haven Property on August 17, 2021. Inspira has not offered evidence that it attempted to enforce the information subpoena or that it undertook any further investigation or discovery into the Debtor's assets. While N.J.S.A. 2A:17-1 does not require a judgment creditor to exhaust "*all* possible measures" to locate a debtor's personal property, the statute does unequivocally require the judgment creditor to exert reasonable, good faith efforts. *Borromeo*, 409 N.J. Super. at 137. The record does not reflect that Inspira made any such efforts here. When Inspira did not receive a response from the Debtor to the information

subpoena, it was unreasonable for Inspira to conclude that the Debtor did not own personal property in Ocean County without Inspira probing any further to identify the Debtor's personal property. This is true regardless of the Debtor having filed a certification in support of his motion to vacate the Judgment in the Superior Court that states he does not reside at the Beach Haven Property, as the certification provides no further information about where he lives or whether he has personal property in Ocean County.

Inspira spends considerable time arguing that any further investigation into the existence of personal property in Ocean County would have been futile given the information learned from the Debtor's bankruptcy schedules, from the Debtor's testimony at the 341 meeting, and from various actions by the Trustee in the bankruptcy case, all purportedly showing that the Debtor resides in Connecticut and has no personal property in New Jersey except for a "possible marital interest in furnishing and household goods" at the Beach Haven Property. What Inspira learned after the Debtor's bankruptcy filing, on September 23, 2021, is immaterial to whether it undertook the requisite sufficient and reasonable efforts to identify the Debtor's personal property before levying on the Beach Haven Property on August 17, 2021, nearly a month prior to the commencement of the bankruptcy case. Compliance with N.J.S.A. 2A:17-1 does not turn on "whether there are assets in the county, or the amount of those assets," *Marvaldi*, 99 F. App'x at 416, but rather on whether Inspira "exerted 'reasonable efforts' in good faith to locate personal property." *Borromeo*, 409 N.J. Super. at 137. Again, the record is devoid of any evidence demonstrating Inspira did so before directing the Ocean County Sheriff to levy on the Beach Haven Property.

*Atkinson v. Inspira Medical Center, Inc.*
Adv. No. 24-01547 (MEH)
Page **15** of **16**

Finally, Inspira argues that N.J.S.A. 2A:17-1, read together with Rule 4:59-1(d)(1), requires a judgment creditor to exhaust any personal property prior to obtaining a writ of execution to *sell* the debtor's real property, not merely *levy* on the debtor's real property.[3] The Court, however, is not persuaded by this argument. The plain language of N.J.S.A. 2A:17-1 makes no indication that the levy on real property must be in furtherance of a sale of the property to require a judgment creditor's compliance. Moreover, the Third Circuit has acknowledged that "§ 2A:17-1 must be strictly construed to require a good-faith effort to locate, levy upon, and execute against even minimal personalty before *levy* upon realty." *Evcco Leasing Corp. v. Ace Trucking Co.*, 828 F.2d 188, 196 (3d Cir. 1987) (emphasis added); *see also Matter of Silverman*, 6 B.R. 991, 995-96 (D.N.J. 1980). The statute and the Third Circuit's interpretation thereof, which is binding on this Court, clearly state that the key point in time is action taken prior to levy, not sale, of real property.

### IV.    CONCLUSION

For the reasons discussed, this Court cannot conclude that Inspira properly levied against the Beach Haven Property. The Court finds Inspira did not make a good faith effort to locate the Debtor's personal property before it levied against the Beach Haven Property, as required by N.J.S.A. 2A:17-1. Absent a valid perfected lien, Inspira's status is that of an unsecured creditor of

---

[3] Rule 4:59-1(d)(1) provides:

(d) Order of Property Subject to Execution; Required Motion.

(1) Execution First Made Out of Personal Property; Motion. The execution shall be made out of the judgment debtor's personal property before the judgment-creditor may proceed to sale of the debtor's real property. If the debtor's personal property is insufficient or cannot be located, the judgment creditor shall file a motion, on notice, for an order permitting the sale of the real property. The motion, which shall not be joined with any other application for relief, shall be supported by a certification specifying in detail the actions taken by the judgment creditor to locate and proceed against personal property.

*Atkinson v. Inspira Medical Center, Inc.*
**Adv. No. 24-01547 (MEH)**
Page **16** of **16**

the Debtor's bankruptcy estate, subordinate to the rights of the Trustee as a hypothetical judicial lien holder under 11 U.S.C. § 544(a).

Accordingly, the Trustee's Motion for Summary Judgment is **GRANTED** and Inspira's Cross-Motion for Summary Judgment is **DENIED**.